**CAUSE NUMBER**

# *In the United States District Court for the Southern District of Texas*

## Ex Parte Kyle French

From the Two-Hundred and Eightieth District Court of Harris County, Texas

# *Writ of Habeas Corpus*

United States Courts
Southern District of Texas
**F I L E D**

JUN 1 2 2024

Nathan Ochsner, Clerk of Court

*Exodus 23:6  "You shall not pervert the justice due to your needy brother in his dispute.*

# IDENTITY OF PARTIES AND COUNSEL

**Relator:**

Merchan, Alicia
21638 County Road 37491
Cleveland, Texas [ 77327]
281-733-8719
alicianmerchan83@gmail.com
SUI JURIS


**Respondent:**

280th District Court Harris County
Honorable Judge Damiane Curvey Presiding
Harris County Juvenile Justice Center
1200 Congress, 1st Floor
Houston Texas 77002
Phone Number: (713) 274-4680
℅ tiffany.ward@hcdistrictclerk.com

**Real Parties In Interest**

French, Kyle
21638 County Road 37491
Cleveland, Texas [77327]
Phone: (346) 549-9525
k_french24@yahoo.com

Caroline Marie Black
803 Dollins
Katy, Texas 77493

**Counsel For Real Party In Interest**

Rebecca Rowland
Rowland Law Firm
2010 North Loop West Suite 175
Houston, Texas 77018
Phone: 281-741-9733
Rebecca.Rowland@Rowlandlawtx.Co

# **TABLE OF CONTENTS**

IDENTITY OF PARTIES AND COUNSEL................................................................*i*

TABLE OF CONTENTS...........................................................................................*ii*

INDEX OF AUTHORITIES................................................................................... *iii*

STATEMENT OF THE CASE....................................................................................*v*

JURISDICTION.........................................................................................................*v*

ISSUES PRESENTED..............................................................................................*vi*

PROCEDURAL HISTORY.........................................................................................1

STATEMENT OF FACTS......................................................................................... 2

LEGAL ARGUMENT.................................................................................................7

    I.    IS HABEAS CORPUS AN AVAILABLE REMEDY FOR A RESTRAINT UNDER A PROTECTIVE ORDER?.................................................................7

           Habeas Corpus is Proper...........................................................................7

    II.   DOES A COURT'S FAILURE TO MEET STATUTORY REQUIREMENTS IN A PROTECTIVE ORDER UNDER THE TEXAS FAMILY CODE RENDER THE PROTECTIVE ORDER VOID?.................................................................11

           Burden of Proof in "Quasi-Criminal" Protective Order Proceedings.......11

           The Protective Order Exceeds Statutory Limits........................................ 15

    III.  DO THE RESTRICTIONS ON SPEECH CONSTITUTE A PRIOR RESTRAINT ON RELATOR'S SPEECH  AND VIOLATE THE FIRST AMENDMENT AND/OR ARTICLE I SECTION EIGHT OF THE TEXAS CONSTITUTION?.............................16

           Freedom of Speech.................................................................................. 16

    IV.  DO THE RESTRICTIONS ON THE RELATOR'S RIGHT TO POSSESS FIREARMS VIOLATE THE SECOND AMENDMENT AND/OR ARTICLE I  SECTION TWENTY-THREE OF THE TEXAS CONSTITUTION?............................................... 18

           Right to Bear Arms................................................................................... 18

    V.   ARE THE ORDERS AN UNLAWFUL DEPRIVATION OF RIGHTS UNDER COLOR OF LAW?................................................................................................. 19

           Cruel and Unusual Punishment................................................................19

           Relator's Good Name................................................................................ 19

           Interference with Parental Rights.............................................................20

CONCLUSION.........................................................................................................21

DEMAND FOR RELIEF...........................................................................................22

HABEAS CERTIFICATION & AFFIDAVIT FOR INCLUSION OF SWORN COPIES...........24

APPENDIX...............................................................................................................25

# INDEX OF AUTHORITIES

**Cases:**                                                                  **Page(s)**

*Alexander v. U.S.,*
   509 U.S. 544 (1993)............................................................................ 17

*Board of Regents v. Roth,*
   408 U.S. 564 (1972)............................................................................ 20

*Davenport v. Garcia,*
   834 S.W.2d 4, (Tex.1992).................................................................... 17

*Ex Parte Davis,*
   161 Tex. 561, 344 S.W.2d 153 (1961)................................................ 10

*Ex Parte Dulaney,*
   146 Tex. 108 (1947)............................................................................. 9

*Ex Parte Fiedler,*
   446 S.W.2d 698 (1969)........................................................................ 8

*Ex Parte Helms,*
   152 Tex. 480 (1953)............................................................................. 9

*Ex parte Tucker,*
   110 Tex. 335 (Tex 1920)..................................................................... 17

*In Re Henry,*
   154 S.W.3d 594 (Tex. 2005)............................................................... 18

*Klugh v. U.S.,*
   *620 F.Supp. 892 (D.S.C. 1985)*.......................................................... 9

*Marbury v. Madison,*
   5 US 137 (1803).................................................................................. 10

*Marketshare Telecomm v. Ericsson, Inc.*
   198 S.W.3d 908 (Tex. App. 2006)...................................................... 16

*McDonald v. Chicago,*
   561 U. S. 742 (2010)........................................................................... 18

*Meyer v. Nebraska,*
   262 U.S. 390 (1923)............................................................................. 8

*Moore v. Commonwealth,*
   527 S.E.2d 415 (Va. 2000).................................................................. 14

*Parham v. J. R., 442 US 584 (1979)*
   442 U.S. 584 (1979)............................................................................. 20

*Simer v. Rios,*
    661 F.2d 655 (7th Cir.1981)................................................................10

*Staples v. United States*
    511 U.S. 600 (1994)......................................................................13

*Troxel v. Granville*
    530 U.S. 57 (2000)...................................................................... 20

*United States v. Kennedy,*
    157 F.2d 811, 813 (2d Cir. 1946)..................................................... 10

*Wisconsin v. Constantineau,*
    400 U.S. 433 (1971)..................................................................... 19

**Constitutional Provisions, Statutes, and Rules:**
Constitution for the United States
    Article I, § 9, Clause 2................................................................... 7
    First Amendment........................................................................ 16
    Second Amendment .................................................................... 18
    Fifth Amendment.............................................................14, 16, 19
    Sixth Amendment.............................................................. 14, 19
    Eighth Amendment...................................................................... 19
    Fourteenth Amendment................................................ 14, 16 18, 19, 20
Texas Family Code
    § 71.0021.................................................................................. 3
    § 71.004.................................................................................... 3
    § 85.001(d)............................................................................... 10
    § 85.025................................................................................... 12
    § 85.025 (a-1)........................................................................... 18
    § 85.025(a-1)(2)........................................................................ 19

Texas Religious Freedom Restoration Act ........................................... 22
Texas Rules of Civ. Procedure
    Rule 299a.................................................................................. 16
Texas Constitution
    Article I, § 8.............................................................................. 17
    Article I, § 12............................................................................ v, 7
    Article I, § 23 ........................................................................... 18

# In the United States District Court for the Southern District of Texas

## Ex Parte Kyle French

Original Proceeding from the Two-Hundred and Eightieth District Court of Harris County, Texas

***To The Honorable Judge Of United States District Court for the Southern District of Texas.***

**COMES NOW**, I; a man, one of "The People", Sui Juris, Kyle of the Family French, ["Relator"] and respectfully brings this Petition for Writ of Habeas, alleging the denial of due process by the 280th District Court Harris County ("Respondent").

### Statement of the Case

Kyle French is the subject of an unlawful Protective Order. He is currently being deprived of his right to bear arms, right to free speech, and ordered to take parenting classes and attend battery prevention classes as a form of cruel and unusual punishment. The protective order, entitled *"FINAL PROTECTIVE ORDER"* attached hereto as Exhibit A-1, issued out of the 280th District Court in

**CAUSE NO. 2021-83581**, styled **CAROLINE MARIE BLACK V KYLE JAMES FRENCH**, ("Protective Order") by previously presiding Judge Stalder. The Protective Order in question also exceeds the legal length statutorily allowed in Texas.   Applicant CAROLINE MARIE BLACK filed her application represented by counsel REBECCA ROWLAND Bar Number 24088338 and was granted a Protective Order. Kyle French does not have counsel and has not filed an appeal.

## Jurisdiction

This Court has jurisdiction to entertain this Petition for Writ of Habeas Corpus pursuant to the Judiciary Act of 1789 and 28 U.S.C. § 2241, which grants federal courts jurisdiction to hear habeas petitions from state prisoners who claim that they are in custody in violation of the Constitution or laws or treaties of the United States. The Petitioner is currently in custody under a state court judgment. This Petition is filed pursuant to 28 U.S.C. § 2241, which provides that a person in custody pursuant to the judgment of a state court may apply to a federal court for a writ of habeas corpus on the ground that they are in custody in violation of the Constitution or laws or treaties of the United States.

## Issues Presented

1.  Is Habeas Corpus an Available Remedy for a Restraint Under A Protective Order?

2.  Does a court's failure to meet statutory requirements in a Protective Order under the Texas Family Code render the Protective Order void?

3.  Do the Protective Order's prior restraint on Relator's speech violate the First Amendment and/or Article I Section Eight of the Texas Constitution?

4.  Do the Protective Order's restrictions on the Relator's right to possess firearms violate the Second Amendment and/or Article I Section Twenty-Three of the Texas Constitution?

5.  Are The Orders An Unlawful Deprivation Of Rights Under Color Of Law?

## Procedural History

1.      Caroline Marie Black, Applicant filed an application for a protective order against Relator in the 280th District Court Harris County.

2.      On December 28th, 2021 the Court held a Protective Order hearing and the Respondent granted a protective order against the Relator. The protective order is styled **Caroline Marie Black, Applicant v Kyle James Respondent, Cause Number 2021-83581**, in the 280th District Court, Harris, Texas

3.      The Protective Order in **cause number 2021-83581**, a sworn copy of which is attached hereto as Exhibit A-1, was signed   January 28th, 2021 by Barbara Stalder.

4.      On October 24th, 2022 an enforcement hearing was held and Relator was imprisoned for 4 months for not paying the Applicants attorneys fees.

5. On February 24, 2023 the Court modified and entered the "Final Protective Order" by entering the following entitled order "ORDER COMMUTING KYLE FRENCH'S SENTENCE TO TIME SERVED, ORDER RELEASING KYLE FRENCH FROM INCARCERATION AND ORDER MODIFYING PROTECTIVE ORDER" against Kyle French, a sworn copy of which is attached hereto as Exhibit A-2.

5.     On December 12th, 2023 Relator filed a Motion to Modify.

6.     On December 28th, 2023 Applicant filed a Motion for Enforcement which is set for January 22nd, 2024.

7.     On January 22nd, 2024 in Cause No. 14-24-00054-CV Relator filed a petition for writ of habeas corpus in the 14th Court of Appeals.

8.     On April 4th, 2024  the 14th Court of Appeals dismissed Relator's Petition in Cause No. 14-24-00054-CV

9.     On January 22nd, 2024 in Cause No. 14-24-00287-CV Relator filed a petition for writ of habeas corpus in the 14th Court of Appeals

10.    On June 11th, 2024 the 14th Court of Appeals dismissed Relator's Petition in Cause No. 14-24-00287-CV .

## Statement Of Facts

1. Relator and Applicant had a pending custody suit in Liberty County in cause number 21DC-CV-00213.

2. Before the conclusions of those matters the Applicant moved to Harris County and filed for a Protective Order in the 280th District Court Harris County.

3. The Respondent granted the applicant's protective order for a duration of 5 years and failed to comply with TFC Chapter 85. The Order states the following:

*"Extended Duration of Order Findings.*

*The Court finds it has cause to issue this Protective Order for longer than a two year period. Specifically, the Court finds by a preponderance of evidence that Kyle James French committed an act constituting a felony offense involving family violence against Caroline Marie Black. The Court further finds that Kyle James French committed an act in violation of Texas Penal Code 42.07 Harassment against Caroline Marie Black."*

4. There is **no evidence** that Relator ever committed an act constituting a felony offense

5. The Protective Order is an order lasting longer than two years.

6. The Protective Order does not contain findings in the order that the Relator *"caused serious bodily injury to the applicant or a member of the applicant's family or household,"* as required by TFC § 85.001(d)..

7. There is no evidence that the Relator has caused serious bodily harm or injury to anyone.

8. The modified Protective Order contains prior restraints on speech, which infringes Relator's right to free speech, in violation of the First Amendment to the Constitution for the united States. The order unlawfully restraining Relator's fundamental right to free speech is as follows:

> *"The Court ORDERS Kyle French to refrain from publishing any message, video, blog, etc. to Facebook, Instagram, Twitter, Snapchat, YouTube or any other form of social media with references to Caroline Black directly or indirectly, such as through the use of terms "vindictive ex girlfriend", "baby momma" or "the mother of my child".*

*The Court ORDERS Kyle French to not engage or permit his agents to publish any messages, blogs, stories, videos, etc. to any form of social media,which references Caroline Black directly or indirectly in a form which could lead to the identity of Caroline Black or her family. Agents includes are not limited to the groups/entities known as Disruptive Media, Texas or Dolcefino Consulting."*

9. The Protective Order infringes on Relator's right to bear arms. In violation of the Second Amendment to the Constitution for the united States. The orders unlawfully restraining Relator's fundamental right to bear arms are as follows :

   *"Removal of Respondent's Firearms*

   *Deposit of Firearms with Harris County Law Enforcement: The Court finds that Kyle James French owns firearms; including but not limited to, two (2) Remingtons, one (1) Smith and Wesson, one (1) Heritage, and one (l) 12-gauge shotgun.*

   *"IT IS ORDERED that Kyle James French shall deposit all his firearms with Harris County Law Enforcement no later than 5:00 p.m. on January 25, 2022. Once the firearms are deposited with Harris County Law Enforcement, Kyle James French shall efile the receipt of the deposit into this cause of action. If Kyle James French has not efiled the receipt showing he deposited all his firearms with Harris County Law Enforcement prior to January 25, 2022 at 5:00 p.m., Kyle James French is ordered to appear before this Court at 9:00 a.m. on January 26, 2022."*

10. Judge Stalder has a reputation with the public at large for routinely issuing Protective Orders which exceed the statutory limits and her unethical and unprofessional conduct made the news on multiple occasions. Fox 26 Houston news published an article entitled "*280th Dist. Court Judge in Houston removed from case, accused of being biased toward domestic violence victims*", which contains reports of her muting parents and their attorney's and recusals for

showing strong bias against individuals accused of family violence and other articles corroborating these allegations have been published (See Exhibit B-1, B-3, B-5 & B-6). The following is an excerpt from the Fox 26 Houston article:

> *"'She kicked me out of the hearing and my client out of the hearing on the Zoom, but still took evidence from the government. The state was still able to put in evidence and we weren't there to hear it,' said attorney Stacey Valdez."*

11. There is an impropriety or conflict of interest in the order, with respect to the requirement that Kyle French attend battery prevention classes (BIPP) "as conducted by Aid for Victims of Domestic Abuse (AVDA)" in that Judge Stalder, was previously employed by the non-profit organization as an attorney (See Exhibit B-2).

12. It should be noted that Stalder has since received a public reprimand by the Judicial Conduct Commission for her crude antics from the bench and she is no longer Judge presiding over the 280th District Court (See Exhibit B-7).

13. It should also be noted that since she lost her re-election as the incumbent judge she has returned to her previous employer "Aid for Victims of Domestic Abuse" (AVDA) as a Managing Attorney (See Exhibit B-8). This suggests that because of her long term relationship with the organization she may have been biased towards mandating the majority of Respondents in her Protective Order hearings to attend the classes conducted by AVDA, whom she so zealously believed in.

14. The Protective Order continues as an ongoing unlawful restraint of Kyle French's liberty and undue interference with his parental rights, right to bear arms and right to free speech.

15. The Protective Order signed by Judge Stalder created a legal presumption that adversely affected the outcome of a custody proceeding and resulted in a further deprivation of Kyle French's inherent parental rights.

16. The tactic of obtaining protective orders to gain a legal advantage is a popular and unethical strategy employed by many family law attorney's in this State and it was made known to the public that the 280th District Court was a venue which was shopped by litigant's looking to gain an unfair advantage to help win their family cases, through an abuse of the legal system.

17. Kyle French is innocent of any actual wrongdoing.

18. Kyle French has never been convicted of a felony.

19. Kyle French's right to petition the government for the redress of his grievance is secured by the First Amendment and he is entitled to an evidentiary hearing guaranteed in a habeas corpus by Article I section of 12 the Texas Constitution.

20. The 14th Court of Appeals has not dismissed or granted the writ since the day it was filed, effectively suspending the writ in violation of both the Texas and United States Constitution and obstructive expedient justice in the case of an unlawful imprisonment.

21. Relator has exhausted his remedies.

## Legal Argument

*In light of all the facts contained herein Habeas Corpus should issue for the following reasons*:

I.

## IS HABEAS CORPUS AN AVAILABLE REMEDY FOR A RESTRAINT UNDER A PROTECTIVE ORDER?

### *Habeas Corpus is Proper*

Habeas Corpus is an ancient extraordinary writ handed down to the American colonies through the English Common Law and incorporated into American Jurisprudence through common law, as in case law or stare decisis, secured by the Suspension Clause of the U.S. Constitution, Article I, Section 9, Clause 2 and further expanded by the Habeas Corpus Act of 1867. The Texas Constitution secures the right to seek the writ under Article I, Section 12.

Dating back to antiquity Habeas Corpus' purpose and power has been to affect the release of an individual who is unlawfully confined or who's liberty is restrained, by nature of some excess in executive power or a void judgment, requiring the custodian to appear with the prisoner before the court to show cause as to why the detention is not unlawful. Famously called the *"great and efficacious writ in all manner of illegal confinement"* by William Blackstone, *"The writ of habeas corpus is a prerogative writ regarded as the bulwark of human liberty. The writ is one of right, designed to protect the individual against any character of restraint, and to obtain <u>a speedy adjudication of his right to release from illegal imprisonment"</u>* <u>Ex Parte Fiedler, 446 S.W.2d 698 (Tex. Civ. App. 1969)</u>.

A restraint on one's liberty for the purpose of Habeas Corpus goes beyond the loss of physical freedom by confinement or imprisonment, rather it encompasses any protected right which may be unlawfully impeded by virtue of a void judgment. The Supreme Court in <u>Meyer v. Nebraska, 262 U.S. 390 (1923)</u> stated *"[liberty] denotes not merely freedom from bodily restraint but also the right of the individual to contract, to engage in any of the common occupations of life, to acquire useful knowledge, to marry, establish a home and bring up children, to worship God according to the dictates of his own conscience, and generally to enjoy those privileges long recognized at common law as essential to the orderly pursuit of happiness by free men."* In <u>Bolling v. Sharpe, 347 U.S. 497 (1954)</u> the Supreme Court stated *"[liberty] is not confined to mere freedom from bodily restraint. Liberty under law extends to the full range of conduct which the individual is free to pursue, and it cannot be restricted except for a proper governmental objective."*

In Texas Habeas Corpus proceedings may be used to bring attention to any violations of an individual's constitutional rights and to provide a means for relief from an unlawful detention or restriction of liberty. *"It is the settled law of this State, as well as in other jurisdictions, that in order to obtain the relief here sought the relator must show that the order or writ of commitment is absolutely void. To sustain that burden it must affirmatively appear that the court was without*

*jurisdiction, and that as a result thereof the relator is restrained of his liberty without due process of law."* Ex parte Dulaney, 146 Tex. 108 (1947). By filing a habeas corpus petition, an individual can challenge the validity of a Protective Order or any other manner of restraint and obtain relief from its effects if it is deemed void.

A judgment is considered void when it is rendered *"[w]ithout evidence being taken as a basis for the judgment for such a judgment is a denial of the constitutional right of due process."* Ex parte Helms, 152 Tex. 480 (1953). *"[A] Judgment is a void judgment if court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process."* see Klugh v. U.S., 620 F.Supp. 892 (D.S.C. 1985). Habeas Corpus is the proper means of instigating a formal inquiry as to sufficiency of the evidence on the record and the conduct of the trial court to ensure Kyle French's due process rights have been preserved. Aside from due process violations, in cases where the Court has acquired personal jurisdiction over Kyle French, a judgment is void on the grounds that it fails to comply with statutory provisions Ex parte Davis, 161 Tex. 561, 344 S.W.2d 153 (1961) and Habeas Corpus is proper when an error is of a constitutional dimension Simer v. Rios, 661 F.2d 655 (7th Cir.1981).

Finally Habeas Corpus can be used to challenge the validity of any law or statute which is the basis for the restraint of an individual's liberty or confinement

Marbury v. Madison, 5 U.S. 137 (1803). *"The Constitution of these United States is the supreme law of the land. Any law that is repugnant to the Constitution is null and void of law."* Habeas Corpus may be employed to determine if judgment is void for any of these reasons.

The ultimate goal of habeas corpus proceedings is to provide a quick and effective remedy for individuals who are being held or restricted in their liberty as a result of an order that is void. Through this process, the court can examine the validity of the order and determine whether it is in accordance with the law and with the individual's constitutional rights. *"We can find no more definite rule than that the writ is available, not only to determine points of jurisdiction, stricti juris, and constitutional questions; but whenever else resort to it is necessary to prevent a complete miscarriage of justice."* United States v. Kennedy, 157 F.2d 811, 813 (2d Cir. 1946). If the court finds that the order is void, it can order the individual's release from its effects, and provide a means for the individual to reclaim their freedom and liberty.

The Protective Order issued by Judge Barbara Stalder of the 280th District Court, has resulted in the unlawful deprivation of Relator's parental rights for two years and now acts as a legal presumption for the basis of a custody order which is also severely restricting Relator's possession and access to his daughter. This Court is charged with the duty to thoroughly investigate the validity of restraints on

Relator's liberty and empowered to grant the relief requested, as the order is void

due to numerous violations of the constitution and constitutes an unlawful restraint

of Relator's liberty as further enumerated.

II.

DOES A COURT'S FAILURE TO MEET STATUTORY REQUIREMENTS IN A
PROTECTIVE ORDER UNDER THE TEXAS FAMILY CODE RENDER THE
PROTECTIVE ORDER VOID?

**Burden of Proof in "Quasi-Criminal" Protective Order Proceedings**

In order to obtain a protective order under Texas Family Code Ch. 85, Texas

law requires an applicant to prove that "*family violence has occurred and is likely*

*to occur in the future*" and the court is required to make findings in writing and

include them in the protective order.

An applicant for a protective order must prove that the act complained of

"***intended*** *to result in physical harm, bodily injury, assault, or sexual assault or*

*that is a threat that reasonably places the victim or applicant in fear of imminent*

*physical harm, bodily injury, assault, or sexual assault*", as defined by Texas

Family Code Section 71.004.

> *"Family violence" means:*
> *(1)  an act by a member of a family or household against another*
> *member of the family or household **that is intended** to result in*
> *physical harm, bodily injury, assault, or sexual assault or that is a*
> *threat that reasonably places the member in fear of imminent physical*

*harm, bodily injury, assault, or sexual assault, but does not include*
*defensive measures to protect oneself;*
*(2)  abuse, as that term is defined by Sections 261.001(1)(C), (E), (G),*
*(H), (I), (J), (K), and (M), by a member of a family or household*
*toward a child of the family or household; or*
*(3)  dating violence, as that term is defined by Section 71.0021*

Under criminal procedure for a plaintiff to win a suit they must show that each element required by the statute under which they have brought the action is present. The element of *"knowingly and intentionally"*, in the context of a crime, known as mens rea at common-law, is a necessary element which needs to be proven beyond a reasonable doubt before a defendant in criminal proceedings may be convicted of a crime or an offense. The "quasi-criminal" nature of a protective order proceeding under Texas Family Code Title 4 has resulted in lowering the standard of proof normally required in a criminal proceeding from "proof beyond a reasonable doubt" to "proof by a preponderance of the evidence". Despite statutory construction which clearly demonstrates the legislature's intent to honor the common-law rule, that mens rea is a required element for a criminal conviction by their use of the word *"intended"*,  the Respondent failed to make these findings in accordance with the law.

The Protective Order carries with it penal conditions and restraints on liberties similar to that of an individual who has actually been convicted of a felony, without the same due process rights accorded in a truly criminal

proceeding. In this case, the applicant has not provided sufficient evidence to prove that Relator **knowingly and intentionally** committed an act of family violence nor has the Respondent included these findings in the order. *Staples v. United States 511 U.S. 600 (1994)* held that the *"common-law rule requiring mens rea as an element of a crime informs interpretation"*. In light of (1) the plain language of the statute (2) the common-law rule requiring mens rea as a necessary element of a crime in any court exercising jurisdiction over criminal subject matter, such as *"felony offenses"* the Respondent has violated due process by failing to the find that the act was intended.

Legal consequences pertaining to criminal subject matter which results in a restraint on Relator's liberty, or any other form of punishment or penalty, without this element constitutes an unlawful deprivation of rights under the color of law.

The Respondent states that *"family violence has occurred and is likely to occur in the future"* and that Relator's acts *"constitute a felony offense"*, however, the Respondent does not state that Relator possessed the mental state requisites of *"knowingly and intentionally"* pursuant § TFC 71.004, or that he *"caused serious bodily injury to the applicant or a member of the applicant's family or household"* nor did the Respondent draw any logical correlation between the evidence and their findings. The Respondent fails to follow the common-law rule that mens rea must inform the court's interpretation of the term "intended" in the definition of family

violence under TFC § 71.004 as a necessary element of a crime during a criminal proceeding and even more particularly an element of an which allegedly constitutes a "felony offense".

The apparent lack of a conviction, evidence and noncompliance with the statute is a violation of Relator's due process rights, as guaranteed by the Fifth, Sixth and Fourteenth Amendment of the United States Constitution, rendering the Protective Order null and void, see *Moore v. Com., 527 S.E.2d 415 (Va. 2000)* holding that, *"A court's authority to exercise its subject matter jurisdiction over a case may be restricted by failure to comply with statutory requirements that are mandatory in nature and, thus, are prerequisite to court's lawful exercise of that jurisdiction."*

### *The Protective Order Exceeds Statutory Limits*

The law in Texas limits the duration of Protective Orders to two years under Texas Family Code 85.025 and the Protective Order issued by Judge Stalder has a duration of 5 years. Texas Family Code 85.025(a-1) provides exceptions for this two year limitation upon finding that the person subject to the order:

> *"(1) committed an act constituting a felony offense involving family violence against the applicant or a member of the applicant's family or household, regardless of whether the person has been charged with or convicted of the offense [and];*

*(2) caused serious bodily injury to the applicant or a member of the applicant's family or household, or;*

*(3) was the subject of two or more previous protective orders rendered:*

> *(A) to protect the person on whose behalf the current protective order is sought; and*
>
> *(B) after a finding by the court that the subject of the protective order:*
>
>> *(i) has committed family violence; and*
>>
>> *(ii) is likely to commit family violence in the future."*

The Respondent merely states that *"Kyle French has committed an act constituting a felony offense involving family violence against Caroline Marie Black..",* presumably meeting the requirements under TFC §85.025(a-1)(1), however, the Respondent failed to include findings in the Protective Order that the alleged act "caused serious bodily injury to the applicant or a member of the applicant's family or household", pursuant TFC § 85.025(a-1)(2). The Judgment issued by the Court is nothing more than a malicious contrivance of the plaintiff's attorney, which was ratified by the Respondent in violation <u>Rule 299a of Texas Rules of Civil Procedure</u>, nevertheless the Court failed to comply with <u>Texas Family Code 85.001(d)</u> which states that: *"If the court renders a protective order for a period of more than two years, the court must include in the order a finding described by Section <u>85.025 (Duration of Protective Order)(a-1).".* Again, this lack of evidence and failure to comply with the statute is a violation of Relator's due process rights,

as guaranteed by the Fifth and Fourteenth Amendment of the United States Constitution rendering the Protective Order null and void, *see Id.*

## III.

## DO THE RESTRICTIONS ON SPEECH CONSTITUTE A PRIOR RESTRAINT ON RELATOR'S SPEECH  AND VIOLATE THE FIRST AMENDMENT AND/OR ARTICLE I SECTION EIGHT OF THE TEXAS CONSTITUTION?

### *Freedom of Speech*

A judgment of a court that forbids communications before they occur constitutes a prior restraint on speech. Marketshare Telecomm v. Ericsson, Inc. 198 S.W.3d 908 (Tex. App. 2006) A prior restraint on speech is an *"administrative and judicial order forbidding certain communications when issued **in advance of the time** that such communications are to occur."* Alexander v. U.S., 509 U.S. 544 (1993).

Prior restraints on speech are presumptively unconstitutional. Davenport v. Garcia, 834 S.W.2d 4, (Tex.1992) and as such are met with the **strictest scrutiny** *"that only an imminent, severe harm can justify prior restraint"* See Id. *"It has never been the theory of free institutions that the citizen could say only what courts or legislatures might license him to say, or that his sentiments on any subject or concerning any person should be supervised before he could utter them. Nothing could be more odious, more violative or destructive of freedom, than a system of*

*only licensed speech or licensed printing."* <u>Ex parte Tucker, 110 Tex. 335 (Tex 1920)</u>.

Article I, Section Eight of the Texas Constitution provides that "*[e]very person shall be at liberty to speak, write or publish his opinions on any subject, being responsible for the abuse of that privilege....*". This portion of the Texas Constitution *"provides greater rights of free expression than its federal equivalent."* <u>834 S.W.2d 4, (Tex.1992)</u>. Thus, prior restraints on speech are presumptively unconstitutional. See *<u>Id</u>*. The Supreme Court of Texas held that before the trial court may impose a gag order, it must make specific findings supported by evidence that *"(1) an imminent and irreparable harm to the judicial process will deprive the litigants of a just resolution of their dispute and that (2) the judicial action represents the least restrictive means to prevent that harm"* and they can withstand strict scrutiny only if they are precisely drawn to serve a compelling state interest. <u>Id</u> There are no such findings and no such interest has been alleged for the purposes of restricting Relator's speech in any manner. An order of a court that violates the State Constitution is void and beyond the court's power, see <u>In Re Henry, 154 S.W.3d 594 (Tex. 2005)</u>.

IV.

DO THE RESTRICTIONS ON THE RELATOR'S RIGHT TO POSSESS FIREARMS VIOLATE THE SECOND AMENDMENT AND/OR ARTICLE I SECTION TWENTY-THREE OF THE TEXAS CONSTITUTION?

### *Right to Bear Arms*

The order prohibiting Relator from possessing a firearm violates the Second Amendment and Article I, Section 23 of the Texas Constitution, which guarantees the right to keep and bear arms. Furthermore, the United States Supreme Court has held that the Second Amendment guarantees the individual right to keep and bear arms and that this right is fully applicable to the states through the Fourteenth Amendment, *McDonald v. Chicago, 561 U. S. 742 (2010) "Second Amendment right is fully applicable to the States.."*

V.

ARE THE ORDERS AN UNLAWFUL DEPRIVATION OF RIGHTS UNDER COLOR OF LAW?

### *Cruel and Unusual Punishment*

Ordering the Relator to take parenting classes and battery prevention classes are instituted as a form of "quasi-criminal" punitive or penal conditions and in the absence of an actual crime or injury-in-fact "the punishment does not fit the crime", constituting a form of cruel and unusual punishment, when taken together violates his rights secured by the  Fifth, Sixth, Eighth and Fourteenth Amendments.

### Relator's Good Name

The Protective Order violates due process rights by subjecting Relator to stigmatization, as the false statement that "Kyle French has committed an act constituting a felony offense involving family violence against Caroline Marie Black" wrongfully portrays him as a violent criminal  without a conviction or any proof of a crime whatsoever. This fact is clearly evidenced by the Court's lack of findings amounting to a failure to comply with requirements under Texas Family Code 85.001(d). This publishing of false statements about Relator constitutes an unlawful deprivation of his liberty interest without due process, further reasoning as to why the order is void, see *Wisconsin v. Constantineau, 400 U.S. 433(1971)*, citing *Board of Regents v. Roth, 408 U.S. 564 (1972)*, *"for '[w]here a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential."*

#### Interference with Parental Rights

The Protective Order and the legal presumption that it creates that Relator has committed a felony offense results in an unwarranted restrictions of Relator's rights to privacy and family autonomy and an undue interference with his parental rights in violation of the Fourteenth Amendment of the United States Constitution, specifically the Due Process Clause, and the fundamental right to parent as protected by the liberty interest protected by the Fourteenth Amendment. The

Supreme Court held in *Troxel v. Granville (530 U.S. 57 (2000)* that the Due Process Clause of the Fourteenth Amendment protects the fundamental right of parents to make decisions concerning the care, custody, and control of their children. The state may only interfere with these fundamental rights under exceptional circumstances to prevent harm or serious bodily injury of a child. *Parham v. J. R., 442 US 584 (1979)* affirms that *"Our cases leave no doubt that parents have a fundamental liberty interest in caring for and guiding their children, and a corresponding privacy interest—absent exceptional circumstances—in doing so without the undue interference of strangers to them and to their child."* The Respondent acts of interfering with parental rights in that absence of harm is deprivation of Relator's parental rights under the color of law.

## CONCLUSION

Habeas Corpus is an appropriate remedy for relief from a Protective Order which results in the restraint of an individual's liberty on the grounds that it is void.

The Protective Order issued by the 280th is a current cause of restraint on the Relator's liberties. The Court acted in a way which deprives the Court of jurisdiction by violating the statutory restrictions placed on Protective Orders in Texas under Texas Family Code 85.001(d) when it granted an order which exceeds the two year limitation without findings that Kyle French "*caused serious bodily injury to the applicant or a member of the applicant's family or household*" as

required by Section 85.025(a-1)(2).", neither did the Court have sufficient evidence to make such findings, rendering the Protective Order void.

The Protective Order also contains numerous requirements and restrictions such as limitations on speech and the Relator right to bear arms, which are unconstitutional and harmful to him, rendering the protective order void.

For the reasons above the Protective Order is utterly void and this Court must grant Relator's petition for Habeas Corpus and order the Respondent(s) to vacate the Protective Order.

The Relator has not violated any of the laws of this state and is completely innocent of any actual wrongdoing yet he is under restraint as if he were convicted of a crime. The Relator is currently being deprived of rights without due process under color of law by virtue of a void order, which is causing irreparable harm.

## DEMAND FOR RELIEF

WHEREFORE, Relator respectfully DEMANDS the following relief:

1. A Declaratory Judgment that the Protective Order is VOID ab initio on the grounds that the Protective Order:
    i.  does not contain findings of facts sufficient to substantiate that family violence occurred under Chapter 71 in violation of Kyle French's Fifth and Fourteenth Amendment rights, and;

    ii.   does not contain findings that the Relator caused serious bodily harm or injury to the the applicant of the protective order  in violation of Chapter 85.001(d), and;

   iii.   exceeds the two year legal limit under § 85.025 by failing to comply with the requirements under § 85.001(d), and;

   iv.   contains false and stigmatizing statements in violation of Kyle French's liberty interests and due process rights under the Constitution, and;

    v.   unlawfully interferes with Kyle French's constitutional protected and God-given parental rights in the absence of a compelling state interest by a showing of harm, and;

   vi.   violates Kyle French's Right to Free Speech secured by the First Amendment, and;

  vii.   violates Kyle French's Right to Bear Arms secured by the Second Amendment.

 viii.   Violates the Fourteenth Amendment by depriving the Relator of due process.

2.    An order for a writ of habeas corpus directing the Respondent to show cause as to why the Protective Order is constitutionally valid and should not be vacated FORTHWITH.

3.    An order to reimburse Kyle French of all court costs associated with these Habeas Corpus Proceedings upon the issuance of said Writ.

4.    Any other relief that this court deems appropriate.

    **WHEREFORE**, I respectfully DEMAND that this Honorable Court of Appeals First District Houston, Texas grant this Petition for Writ of Habeas Corpus

and order the Respondent(s) to vacate the void Protective Order and restore Kyle French's liberty FORTHWITH.

*I; a man; Alicia of the family Garcia, Sui Juris, declare under penalty of perjury that the contents of this Petition for a Writ of Habeas Corpus and the facts stated in the petition and the contents of any documents attached hereto are true and correct.*

*Respectfully,*

DATE: 06-12-24

_____
AUTHORIZED REPRESENTATIVE

Garcia, Alicia
21638 County Road 37491
Cleveland, Texas [ 77327]
281-733-8719
alicianmerchan83@gmail.com
SUI JURIS

STATE OF <u>TEXAS</u>, COUNTY OF <u>HARRIS</u>,

On this _____ JUNE 12 the __12__ day of __2024__, before me, the undersigned notary public, personally appeared Garcia, Alicia known to me to be the person whose name is subscribed to the preceding or attached document, who swore to me that the statements and contents of the document are truthful and accurate to the best of his/her knowledge and belief.



Michael Jimmy Rodrigues
_____
Signature of Notary Public

02-13-2028
_____
Commission Expiration Date of Notary Public

**HABEAS CERTIFICATION & AFFIDAVIT FOR INCLUSION OF SWORN COPIES**

I, Alicia Garcia, the Relator in the Habeas proceeding above, do solemnly declare as follows:

1. I am the Relator in the above-mentioned habeas proceeding and am personally familiar with the contents of the records related to this case.

2. I hereby certify that I have reviewed this demand, and I affirm that every factual statement in the demand is supported by competent evidence included in the appendix or record.

3. I hereby certify that every document contained in the record and appendix, including the following is a true and correct copy:

   a. Exhibit A-1: FINAL PROTECTIVE ORDER
   b. Exhibit A-2: ORDER COMMUTING KYLE FRENCH'S SENTENCE TO TIME SERVED, ORDER RELEASING KYLE FRENCH FROM INCARCERATION AND ORDER MODIFYING PROTECTIVE ORDER
   c. Exhibits B-1 through B-6: Supporting Exhibits
   d. Exhibits C-1 through C-9: *Laws and Statutes of Texas and the united States*

4. I understand and affirm that these copies have been sworn.

5. I declare that this document is made under oath, and I certify that the statements made herein are true and correct copies.

DATE: 06·12-24

BY: _____

Authorized Representative

STATE OF TEXAS, COUNTY OF HARRIS,

On this JUNE the 12 day of 2024, before me, the undersigned notary public, personally appeared Garcia, Alicia known to me to be the person whose name is subscribed to the preceding or attached document, who swore to me that the statements and contents of the document are truthful and accurate to the best of his/her knowledge and belief.

_____
Signature of Notary Public

02-13-2028
Commission Expiration Date of Notary Publ

# APPENDIX

# *In the United States District Court*

# *for the Southern District of Texas*

---

## Ex Parte Kyle French

---

From the Two-hundred and Eightieth District Court of Harris County, Texas

---

## HABEAS CORPUS EXHIBITS

---

Kyle French
21638 County Road 37491
Cleveland, Texas [77327]
Phone: (346) 549-9525
k_french24@yahoo.com
**RELATOR**

---

# TABLE OF CONTENTS

### *Volume A: Cause Number Record* **2021-83581**

FINAL PROTECTIVE ORDER — **Exhibit A-1**

ORDER COMMUTING KYLE FRENCH'S SENTENCE TO TIME SERVED, ORDER RELEASING KYLE FRENCH FROM INCARCERATION AND ORDER MODIFYING PROTECTIVE ORDER — **Exhibit A-2**

### *Volume B:* **Supporting Exhibits**

Fox 26 Houston Article on the 280th District Court — **Exhibit B-1**

Screenshot of Judge Stalder's Bio on law.uh.edu — **Exhibit B-2**

Dolcefino Consulting Investigation - Family Injustice: A Dangerous Judge Website Screenshot w/Link — **Exhibit B-3**

Dolcefino Consulting Investigation - Family Injustice: A Dangerous Judge Youtube Transcript w/ Comment — **Exhibit B-4**

Judge Stalder's Public Reprimand — **Exhibit B-5**

Screenshot of Judge Stalder's LinkedIn™ — **Exhibit B-6**

### *Volume 3: Laws and Statutes of Texas and the united States*

U.S. Const. Article I, § 9, Clause 2 — **Exhibit C-1**

Texas Const. Article I, § 8 — **Exhibit C-2**

Texas Const. Article I, § 12 — **Exhibit C-3**

Texas Const. Article I, § 23 — **Exhibit C-4**

Texas Rules of Civ. Procedure Rule 299a — **Exhibit C-5**

Texas Family Code Chapter 71 — **Exhibit C-6**

Texas Family Code § 85.001 — **Exhibit C-7**

Texas Family Code § 85.025 — **Exhibit C-8**